IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01738-MSK-MJW

ELIZABETH WOJDACZ,

Plaintiff(s),

v.

ROBERT E. BLACKBURN,
MICHAEL E. HEGARTY,
ERIC LAMPHERE,
KIM DELINE,
MICHAEL WATTS,
RUTHERFORD, MULLEN & MOORE,
LINDSEY TOPPER,
COLORADO SPRINGS CITY POLICE DEPARTMENT,
SGT. JOEL KERN,
W. LAMBERT,
LT. SCOTT WHITTINGTON,
MEDINA GENERAL HOSPITAL,
AKRON CHILDREN'S HOSPITAL MEDICAL CENTER OF AKRON,
ASHLAND COUNTY DEPARTMENT OF HUMAN SERVICES, and
CITY OF COLORADO SPRINGS, COLORADO,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the plaintiff's Opposed Motion to Strike Medina General Hospital's Unopposed Motion for Leave to File Response ti [sic] Complaint Out of Time (Docket No. 93) is DENIED.

On October 21, 2013, a Scheduling Conference was held during which, among other things, attorney Christopher P. Brown appeared on behalf of Medina General Hospital. That conference concluded at 4:00 p.m. Three hours later (not less than an hour later as suggested by plaintiff in her motion), at 7:00 p.m., Mr. Brown filed Medina General Hospital's Unopposed Motion for Leave to File Response to Complaint Out of Time (Docket No. 83). That motion included the requisite D.C.COLO.LCivR 7.1(A) Certification. In addition, the motion noted that service "may have been made via Certified Mail on September 23, 2013. Accordingly, Medina's response was due on October 14, 2013." (Docket No. 83 at 2, ¶ 1). Counsel further noted Fed. R. Civ. P.

6(b) allowing a deadline that has already been passed to be extended "if the party failed to act because of excusable neglect."  Counsel also explained the basis for seeking an extension of time to answer out of time.  Counsel noted that Medina is an out-of-state entity and did not retain him until that day, October 21, 2013.  At that time, Medina was informed that service via certified mail may be proper because it is proper under Ohio state law.  Medina thus immediately requested that counsel enter an appearance and otherwise defend against plaintiff's claims.  Counsel thus appeared at the Scheduling Conference that afternoon, and right before filing the motion to file a response to complaint out of time, filed an entry of appearance.  (See Docket No. 82).  Given the explanation provided, on October 23, 2013, this court entered a Minute Order (Docket No. 88) granting the motion (Docket No. 83) and gave Medina General Hospital up to and including November 4, 2013, to answer or otherwise respond to the Amended Complaint.

The following day, Medina's counsel filed a Supplemental Conferral Certification Pursuant to D.C.COLO.LCivR 7.1(A) Regarding Its Motion for Leave to File Its Complaint Out of Time (Docket No. 91).  Counsel advised the court therein that his previous conferral certification continued to be his recollection of his conversation with plaintiff after the October 21 Scheduling Conference.  On the afternoon of October 25, however, counsel received a call from plaintiff in which she informed counsel that she never agreed, and would never agree, to a 14-day extension of time, that counsel was a "liar," that counsel "lied to the Court," and that she planned to ask the court to remove him from the case.  Counsel advised the court that he disagrees with plaintiff's position and recollection.  (Docket No. 91).

Later that day, plaintiff filed a "Notice to Court" in which she advised the court that the defendant's motion for an extension (Docket No. 83) was opposed.  She claims that Mr. Brown did speak with her after the October 21 Scheduling Conference but never said he intended to file an out-of-time response to the Amended Complaint.  Therefore, she claims his documents were filed fraudulently, and she asserts that "[h]is assertion in his documents falls nothing short of an offense of moral turpitude and should be stricken."  She asserts that Mr. Brown indicated to her only that his client had received the certified mail for the Amended Complaint on September 23, 2013.  Plaintiff claims she had intended to file "default proceedings" against Medina, and thus "to permit them any extension would be prejudicial against this plaintiff."  She requested an immediate reversal of this court's Minute Order (Docket No. 88) granting the extension.  Plaintiff subsequently filed the subject motion (Docket No. 93) in which she asks the court to strike the motion (Docket No. 83) which was already granted by this court.

Rule 6(b)(1)(B) provides that when an act must be done within a specified time, the court may extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  "Congress plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control."  Pioneer Inv. Servs. Co. v. Brunswick

3

Assocs. Ltd. Parnership, 507 U.S. 380, 388 (1993). The determination of whether neglect of a deadline is excusable "is an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. Such circumstances that the court considers may include (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. Id. See Panis v. Mission Hills Bank, N.A., 60 F.3d 1436, 1494 (10th Cir. 1995) (applying Pioneer definition to Rule 6(b) analysis). "The Tenth Circuit holds that a finding of excusable neglect under Rule 6(b)(1)(B) requires both a demonstration of good faith by the party seeking the enlargement and a finding that there was a reasonable basis for not complying within the specified period." Dunn v. Shinseki, 2011 WL 6934109, at *6 (D. Colo. Dec. 29, 2011) (citing In re Four Seasons Securities Laws Litigation, 493 F.2d 1288, 1290-91 (10th Cir. 1974)).

While plaintiff and Mr. Brown have different recollections of their conversation following the Scheduling Conference regarding conferral about the subject motion, the court finds that Medina has shown excusable neglect so as to warrant an extension of time to answer or otherwise respond to the Amended Complaint. The defendant is an out-of-state entity. It contacted Colorado counsel on the day of the Scheduling Conference, and Medina was advised that service via certified mail may be proper because it is proper under Ohio state law. Medina then immediately retained local counsel who then appeared that afternoon at the Scheduling Conference and later that evening filed an Entry of Appearance and the motion (Docket No. 83) seeking an out-of-time extension of the deadline to respond to the Amended Complaint. Had the motion been filed before the time to answer had expired, the court would have readily granted such request. As it is, the motion was filed only one week after the defendant's response to the Amended Complaint was apparently due. Such delay was very short and has a minimal, if any, impact on the judicial proceedings or prejudice to the plaintiff, noting that discovery in this case was stayed on October 21, a Scheduling Order was not entered, and briefing is not even complete on the pending motions to dismiss. Taking account of all relevant circumstances in this case, the court concludes that defendant Medina General Hospital demonstrated requisite excusable neglect and its actions were not done in bad faith.

Date: October 30, 2013