**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-01738-MSK-MJW

**ELIZABETH WOJDACZ,**

      **Plaintiff,**

**v.**

**ROBERT E. BLACKBURN,
MICHAEL E. HEGARTY,
ERIC LAMPHERE,
KIM DELINE,
MICHAEL WATTS,
RUTHERFORD, MULLEN & MOORE,
LINDSEY TOPPER,
COLORADO SPRINGS POLICE DEPARTMENT,
JOEL KERN,
W. LAMBERT,
CITY OF COLORADO SPRINGS,
SCOTT WHITTINGTON,
MEDINA GENERAL HOSPITAL,
AKROM CHILDREN'S HOSPITAL MEDICAL CENTER OF AKRON, and
ASHALND COUNTY DEPT. OF HUMAN SERVICES,**

      **Defendants.**

_____

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION, AND DISMISSING ACTION**

_____

      **THIS MATTER** comes before the Court pursuant to Ms. Wojdacz's *pro se* Objections

(**# 157**) to the Magistrate Judge's August 5, 2014 Recommendation (**# 147**) that various parties'

Motions to Dismiss (**# 31, 32, 54, 56, 65, 90, 97**) be granted and that Ms. Wojdacz's Motion for

Preliminary Injunction (**# 139**) be denied.  Also pending are several Motions for Summary

Judgment (**# 148, 149, 150, 151, 152, 153, 154**) filed by Ms. Wojdacz.

1

## **FACTS**

Ms. Wojdacz's *pro se* Amended Complaint (**# 22)** is somewhat disjointed and difficult to follow.  The first portion generally relates an incident in 1995 in which Ms. Wojdacz, then residing in Ohio, was had certain difficulties with the staff at hospitals in Medina and Akron, Ohio.  Generally speaking, Ms. Wojdacz alleges that hospital staff detained her and her son Christopher, forced her to sign certain documents, and ultimately conspired with Christopher to deprive Ms. Wodjacz of custody over Christopher.  Ms. Wojdacz sought to regain custody over Christopher through the court system, but was apparently unsuccessful.  Christopher ultimately died in his college dorm room in 1997.  Officials investigating the matter deemed it a suicide. Ms. Wojdacz claims to have evidence supporting her contention that Christopher was actually murdered.

The next portion of her Amended Complaint takes place in 2000 in Colorado Springs, where Ms. Wojdacz had moved with another son, Sean.  She alleges that Sean cooperated with police and state officials in order to terminate Ms. Wojdacz's custody over him.  She contends that she was not appointed counsel to assist her in addressing the issue of custody over Sean.

Ms. Wojdacz states that in 2002, she provided Colorado Springs Police Sergeant Clayton various information about Christopher's murder and a "RICO violation," but Sergeant Clayton never took action on it.  She also alleges that Colorado Springs police failed to take action on certain complaints she raised concerning criminal activity by her common-law husband.

The Amended Complaint then speeds to the recent past, reciting Ms. Wojdacz's involvement in a civil action in this Court, *Wojdacz v. Norman*, *et al.*, D.C. Colo. Civ. Case No. 12-cv-1483-REB-MEH.  She complains about various matters and rulings occurring in that case, such as  defense counsel serving pleadings on her at an incorrect address, thus depriving her of

the ability to attend the Scheduling Conference; Magistrate Judge Hegarty halting depositions noticed by Ms. Wojdacz and "coach[ing]" the deponents how to answer; and Judge Blackburn failing to take action to cure litigation abuses by Michael Watts, Kim DeLine, and Eric Lamphere (and their law firm, Rutherford, Mullen & Moore), counsel representing defendants in the action.[1]

The Amended Complaint then turns to April 2013, when Ms. Wojdacz allegedly provided "evidence of tax fraud, perjury, and other criminal acts" by Mr. Norman and another individual to the Colorado Springs Police Department. She alleges that the police "tampered" with the evidence; that Defendant Lambert, a detective with the Colorado Springs Police Department, "refused to investigate the matter"; and that Joel Kern, a Sergeant with the police department, "threatened to arrest her if she continued to try to meet with [the] police chief concerning the misconduct of the officers." Ultimately, she met with Scott Whittington, a Lieutenant with the police department, who agreed to receive Ms. Wojdacz's complaint about the other police officers, but Mr. Whittington never contacted her again. She alleges that the Colorado Springs Police Department "have established a practice and pattern where Plaintiff is refused any and all remedy through them respecting the filing of criminal charges where she is a victim of criminal acts." She offers a conclusory assertion that the police department refused to file criminal charges against Mr. Norman if, in exchange, he would assist them "in having Plaintiff committed to mental health evaluations and possible commitment" to cover up their involvement "in the child snatching of her son, Sean."

---

[1]     As did the Magistrate Judge, this Court takes judicial notice of the docket of the *Wojdacz v. Norman* matter. That record reflects that Ms. Wojdacz's claims against various defendants were dismissed, but her claims against her "common-law husband," Mr. Norman, and another individual proceeded to a jury trial in May 2014, with all parties appearing *pro se*. The Court granted judgment as a matter of law to the defendants pursuant to Fed. R. Civ. P. 50 mid-trial.

The remainder of the Amended Complaint appears to be Ms. Wojdacz's identification of her claims. She alleges that the various Defendant hospitals and the Colorado Springs Police Department (and the individual officers named here) have engaged in a host of criminal acts and deprivations of her Constitutional rights, and that that Judges Blackburn and Hegarty and the attorneys involved in the *Wojdacz v. Norman* case engaged in "RICO acts" and conspired to violate her Constitutional rights.

Each of the Defendants filed Motions to Dismiss the claims against them, alleging a lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a lack of personal jurisdiction under Rule 12(b)(2), and the failure to state a claim under Rule 12(b)(6). *See Docket* # 31 (Defendants Blackburn and Hegarty); # 32 (Defendants City of Colorado Springs, Colorado Springs Police Dept., Kern, Lambert, Lamhere, and Whittington); # 54 (Defendant Ashland County Dept. of Human Services); # 56 (Defendants DeLine, Watts, and Rutherford Mullen & Moore); # 65 (Defendant Akron Children's Hospital Medical Center of Akron); # 90 (Defendant Topper); # 97 (Medina General Hospital). Separately, Ms. Wojdacz filed a Motion for Preliminary Injunction (**# 139**), seeking to have Judge Blackburn enjoined from continuing to preside over the *Wojdacz v. Norman* case. The Court referred all of these motions to the Magistrate Judge for recommendation.

On August 5, 2014, the Magistrate Judge issued the instant Recommendation (**# 147**), finding that: (i) the claims against Judges Blackburn and Hegarty were barred by the doctrine of absolute judicial immunity; (ii) the Amended Complaint failed to adequately allege a RICO claim against any Defendant, insofar as Ms. Wojdacz failed to sufficiently allege either a RICO enterprise or any acts of racketerring activity; (iii) none of the criminal statutes cited by Ms. Wojdacz offer her a private civil right of action; (iv) Ms. Wojdacz's claims under 42 U.S.C.

§ 1985(3) fail to state a claim because she does not allege any racial or class-based discriminatory animus; (v) the Court lacks personal jurisdiction over any of the Ohio entities; (vi) claims against Colorado Springs or its police department are barred by the statute of limitations (to the extent they derive from the allegations involving Sean) and Ms. Wojdacz's failure to allege the existence of a municipal custom or policy sufficient to create *Monell* liability; (vii) that the attorney Defendants are <u>not</u> entitled to absolute immunity arising out of "litigation privilege," but that the claims against them fail to state any cognizable claim under 42 U.S.C. § 1983; and (viii) the claims against individual police officers failed to state any cognizable claim.  Accordingly, the Magistrate Judge recommended that all claims against all Defendants be dismissed (and Ms. Wojdacz's request for injunctive relief be denied).

Ms.Wojdacz filed timely Objections (**# 157**) to the Recommendation, arguing that:
 (i) Defendants Blackburn and Hegarty were not entitled to judicial immunity because they "abuse[d] their authority and acted outside their jurisdiction" and "engaged in fraud upon the court  . . . to protect the party defendants in that underlying case," and that "attorneys and judges who conspire during litigation do not enjoy immunity"; (ii) Ms.Wojdacz concedes that her motion seeking injunctive relief against Judge Blackburn should be denied as moot; (iii) as to the claims against the "City Defendants" – presumably, the City of Colorado Springs and the Colorado Springs Police Department – these Defendants "did engage in efforts to have Plaintiff removed from administering the estate of her murdered son and thereafter assisted [the] Ohio Mafia group in efforts to conceal that murder," they "attempt[ed] to remove Plaintiff from full administration of Christopher's estate," and that no statute of limitations applies to "ongoing predicate acts"; (iv) as to the lack of personal jurisdiction over the Ashland County Department of Human Services, Ms. Wojdacz alleges that "personal jurisdiction may be made in this case

pursuant to 18 U.S.C. § 1965(b) as Plaintiff did allege nationwide conspiracy; (v) as to the attorney defendants, these defendants engaged in the RICO acts of "witness tampering" and "join[ing] forces with the Court and other Defendants . . . to violate this plaintiff's constitutional rights"; (vi) as to personal jurisdiction over the Defendant hospitals, she refers to the same arguments with regard to the Ashland County Dept. of Human Services, and that these Defendants allegedly conspired with Colorado Springs Defendants to obstruct her efforts to investigate Christopher's murder; and  (viii) as to Defendant Topper, she incorporates the same arguments she makes regarding the other attorney Defendants.

Simultaneously with filing her Objections, Ms. Wojdacz filed Motions for Summary Judgment **(# 148-154)** against the various Defendants, supporting those motions with a lengthy affidavit and collection of materials **(# 156)**.

## ANALYSIS

### A.  Standard of review

The Court reviews the objected-to portions of the Recommendation *de novo*.  Fed. R. Civ. P. 72(b).

The Court is mindful of Ms. Wojdacz's *pro se* status and, accordingly, construes her filings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the her use of legal terminology and proper English.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve Ms. Wojdacz of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat her according to the same standard as counsel licensed

to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### B. Objections

The Court has carefully reviewed the Recommendation and Ms. Wojdacz's objections. Upon *de novo* review, the Court reaches the same conclusion as the Magistrate Judge, and for many of the same reasons finds Ms. Wojdacz's Objections to be without merit in their entirety.

Without repeating the Magistrate Judge's analysis, the Court agrees with his conclusion that Defendants Blackburn and Hegarty are entitled to absolute judicial immunity. Ms. Wojdacz does not dispute that her claims against these Defendants turn on rulings and actions they took in the scope of presiding over the *Wojdacz v. Norman* case. She is correct that judicial immunity may be forfeited when a judge acts in "the clear absence of all [subject-matter] jurisdiction," but not simply because the judge made flawed rulings or even committed "grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). One need only note that the *Wojdacz v. Norman* action was brought in this Court by Ms. Wojdacz herself, and she expressly invoked the Court's federal question subject-matter jurisdiction under 28 U.S.C. § 1331 by making claims under, among other statutes, 42 U.S.C. § 1983. Judge Blackburn noted that the Court at least "ostensibly has jurisdiction" over the matter pursuant to 28 U.S.C. § 1331 and § 1367 in the April 24, 2014 Final Pretrial Order. Ms. Wojdacz can hardly contend here that Judge Blackburn lacked any colorable subject-matter jurisdiction over the action that she herself brought in federal court and pursued to trial. Accordingly, the Court agrees with the Magistrate Judge that Defendants Blackburn and Hegarty are entitled to dismissal of the claims against them based on absolute judicial immunity.

The Court further agrees with the Magistrate Judge that Ms. Wojdacz has failed to allege a plausible RICO claim against any defendant(s) under the standards of *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The 10th Circuit has held that RICO allegations must be pled with the particularity required by Fed. R. Civ. P. 9(b). *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 989 (10th Cir. 1992); *see also Brooks v. Bank of Boulder*, 891 F.Supp. 1469, 1476-77 (D.Colo. 1995). Ms. Wojdacz relies upon her RICO allegations (and RICO's provision for nationwide service of process) to establish personal jurisdiction over the Ohio-based Defendants, but her Amended Complaint offers no meaningful allegations, much less sufficiently specific ones, concerning any alleged agreement or concerted action between Colorado Springs officials and the Ohio entities. Indeed, nothing whatsoever in the Amended Complaint gives any inkling of any communication whatsoever between Colorado Springs officials and the Ohio Defendants, much less these parties' agreement to form a criminal enterprise and embark on a pattern of racketeering activity. For these reasons, the Court agrees with the Magistrate Judge that Ms. Wojdacz has failed to state a claim under RICO against any Defendant, and that dismissal of the Ohio Defendants for lack of personal jurisdiction is warranted.

Finally, the Court agrees with the Magistrate Judge that Ms. Wojdacz fails to state any cognizable claim under 42 U.S.C. §1983, 42 U.S.C. § 1985, or any other statute, against the Colorado Springs or attorney Defendants. At best, her claims against the Colorado Springs police Defendants are simply that these Defendants are refusing to meet with her or to consider and investigate her allegations of criminal activity by others. Ms. Wojdacz identifies nothing in the U.S. Constitution or laws that obligates police to investigate any particular report of an alleged crime or otherwise offer her the protection she seeks, and thus, she lacks any cognizable §1983 claim against these Defendants. *See generally Town of Castle Rock v. Gonzales*, 545 U.S.

748, 760-61 (2005) (recognizing "the deep-rooted nature of law-enforcement discretion" in deciding what crimes to investigate and what statutes to enforce).

As to the attorney Defendants, the Court agrees with the Magistrate Judge that Ms. Wojdacz has failed to adequately allege facts showing that any of these individuals were acting on behalf of the state, as is necessary for any claim against them under § 1983.  Moreover, the Court finds nothing in the allegations against these Defendants that would even assert a cognizable claim in any event.  The fact that the Defendants failed to serve Ms. Wojdacz with certain notices or made alleged misrepresentations concerning various matters in their motion papers may be violations of this Court's rules or rules relating to professional conduct, but the Court is aware of no authority that would provide Ms. Wojdacz a private right of action against the attorneys in their personal capacities for such conduct.

Accordingly the Court adopts the Recommendation that all Defendants' motions to dismiss be granted.[2]  The dismissal of all claims against all Defendants renders Ms. Wojdacz's motions for summary judgment moot.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Ms. Wojdacz's Objections **(# 157)** and **ADOPTS** the Recommendation **(# 147)**.  The Court **GRANTS** the motions to dismiss filed by the various Defendants **(# 31, 32, 54, 56, 65, 90, 97)**, and **DENIES** Ms. Wojdacz's Motion for Preliminary Injunction **(# 139)**.  All claims against all Defendants are **DISMISSED**.  Ms.

---

[2]     Mindful of the requirement that leave to amend under Fed. R. Civ. P. 15(a) be freely granted to cure pleading defects, the Court nevertheless declines to *sua sponte* grant such leave to Ms. Wojdacz.  Given the highly conclusory and disjointed nature of her current pleadings, and Ms. Wojdacz's extensive subsequently-filed affidavit **(# 156)** detailing her claims, the Court has some doubt that any attempt by Ms. Wojdacz to replead some or all claims would be futile.   To the extent Ms. Wojdacz believes she can sufficiently replead one or more claims, she may file a properly-supported motion for leave to amend, accompanied by the proposed Amended Complaint she seeks to file.

Wojdacz's Motions for Summary Judgment (**# 148, 149, 150, 151, 152, 153, 154**) are **DENIED**

**AS MOOT** in light of the dismissal of all claims.  The Clerk of the Court shall close this case.

Dated this 25th day of August, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge